IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

DARRYL ELLIS, )
Movant/Petitioner, )
) Case No. 95-CR-174-1
) Civ. No. 00-A-1017-N
vs. ) Appeal No. 96-7159
) No.
UNITED STATES OF AMERICA, ) 2:06cr12-A
Respondent. )

RECEIVED 2006 JAN -5 A 9:43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

JURISDICTION AND STATUTORY CHALLENGES MEMORANDUM OF LAW
AND ISSUE AND AUTHORITIES TO SUPPORT THE WRIT OF HABEAS CORPUS
MOTION PURSUANT TO FED.R.CIV.P. 15(c) AND 28 U.S.C. § 2255(6)(3)

COMES NOW, the Movant/Petitioner, Darryl Ellis, who within the Pro Se standard of Haines v. Kerner, 404 U.S. 519, 520 (1972), before this Honorable District Court in a request for the court to allow the following Memorandum of Law and Issues of Authorities pursuant to Apprendi; Jones; Booker, supra, presented in support of the writ of habeas corpus motion "relating back" to case number(s) 95-CR-174-1 ; 96-7159 ; and, 00-A-1017-N pursuant to Fed.R.Civ.Proc. 15(c) and 28 U.S.C. § 2255(6)(3). Movant, "presented" this argument by having raised it previously with this court and subsequently on §2255 & §3582 with the Middle District Court of Alabama & Eleventh Circuit Court of Appeals .

However, Movant was denied relief at those times, he now seeks to add the claim that his "conviction" and "sentence" is illegal and Blakely; Jones; Apprendi; Ring; Castillo; and

1.

Booker, which established by Jones; and Apprendi, supra., a new rule of constitutional law.

Movant asserts and realleges all facts and arguments presented in this initial § 2255, § 2255(6)(3) and 18 U.S.C. § 3582, its supporting memorandum of law, its supplements, amendments, and traverse and incorporates these by reference herein.

Since the sentencing (and in fact, the appeal briefing) in this case, the Supreme Court has decided the case of Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). Blakely and Booker required the Court to apply the rules of Jones, 526 U.S. 225 (1999); and Apprendi, at 488, 120 S.Ct. 2348 (2000), that other than the fact of a prior conviction, and facts that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. In other words, unless found by a grand jury or admitted by the defendant, no factor can be used to enhance a penalty.

## AS THE SUPREME COURT SAID IN BLAKELY:

Our precedents make clear, however, that the "statutory maximum" for Apprendi purposes is the "maximum sentence" a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See, Ring, supra., at 602, 122 S.Ct. 2428 (maximum he would receive if punished according to the facts reflected in jury verdict alone)(quoting Apprendi, supra. at 483, 120 S.Ct. 2348); Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), (plurality opinion)(same) of; Apprendi, supra. at 488, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant "statu-

tory maximum" is not he "maximum sentence". When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to punishment, Bishop, supra. at 387, and the judge exceeds his proper authority." Blakely, (2004) U.S. Lexus 4573, 13-14.

This decision affects Movant's case, as the district court inflicted punishment that the jury's verdict alone did not allow by punishing Movant based upon allegations that he was responsible for  2.517 Kilograms of Cocaine Base  , by U.S.S.G. enhancement(s) § 841(a)(1) ; § 846 ; and, § 3553(A) . Movant was sentenced to Life of imprisonment utilizing a total offense level of 40 .

## CONCLUSION

Wherefore, the premised considered, Movant respectfully prays that this Honorable Court will grant him relief and allow him to supplement an additional issue to his "preserved" issue in his motions filed pursuant to 28 U.S.C. § 2255.

A memorandum of law in support of this motion to supplement follows, as well as the argument Movant wishes to supplement.

Respectfully submitted on this 3th of Jan , 2006.

Daryl Ellis
Darryl Ellis # 09562-002
FCC Coleman-USP 1
P.O. Box 1033
Coleman, Florida 33521-1033

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
## PERMISSION TO SUPPLEMENT AND/OR AMEND

(1) Granting a motion to amend is proper pursuant to the Eleventh Circuit's opinion in United States v. White, 335 F.3d 1314, 1319 (11th Cir. 2003); see also, United States v. Saenz, 282 F.3d 354, 356 n. 3 (5th Cir. 2002). Under Federal Rule of Civil Procedure 15(c), an amendment 'relates back to the time of filing of the original complaint' where the grounds are based on the same 'conduct transaction or occurrence as alleged in the original complaint. White, 335 F.3d 1314 (11th Cir. 2003)(amendment appropriate to "add meat to the bare bones" of a motion pursuant to 28 U.S.C. § 2255)(citing F.R.Civ.P. 15(c)).

Although an amendment may be allowed at any time if opposing party has yet filed a response brief, an amendment should be allowed "when justice so requires." Fed.R. Civ.P. 15; Foreman v. Davis, 371 U.S. 178 (1962). It is generally incumbent upon the party who would oppose the amendment to demonstrate why the amendment should not be permitted. Foreman, 371 U.S. 178.

The U.S. Supreme Court has held in the absence of evidence of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously filed, undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of amendment," then leave to amend should be freely given. Id. at 182.

(2) The motion to amend is timely pursuant to § 2255(6)(3).

4.

This court should also grant the motion to amend because Movant has up to one year from the decision in <u>Booker</u>, or until January 12, 2006 to file a claim based on that decision pursuant to 28 U.S.C. § 2255(6)(3). See, <u>Dodd v. United States</u>, NO. 04-5286 (June 20, 2005). Therefore the movant is preserving his right to file.

### PROPOSED SUPPLEMENT ARGUMENT FOR SUPPLEMENTAL MOTION OR IN THE ALTERNATIVE PURSUANT TO 28 U.S.C. §§ 2255, 2255(6)(3) OR HIS <u>DIRECT APPEAL FOR HIS § 2255.</u>

Instead of reprinting or rearguing those issues which he has previously raised in his initial § 2255 motion and his <u>18 U.S.C. § 3582                    </u>, Movant presents here only the additional argument that he wishes to supplement or amend, pursuant to Fed.R.Civ.P. 15.

(1) Movant's conviction and sentence violates his Fifth and Sixth Amendment right to a jury trial, as the conviction and punishment were not based upon an admission or upon proof to a jury beyond a reasonable doubt or advisory.

The jury instruction that was given to the jury, dismissed a major element of the charge. They were not told to consider <u>the drug quantity.                                       </u>
<u>                                                                    </u>.

Contrary to <u>Jones</u>, <u>Apprendi</u>, <u>Blakely</u>, Movant's sentence was determined and enhanced on the basis of facts found by the sentencing judge instead of the jury. At the Movant's sentencing hearing, the court found by a preponderance of the evidence, <u>2.517 Kilograms of Cocaine Base                                </u>
<u>                                                                   </u>,

which was testified to during trial, and this subjected the Movant to a offense level of __38__, pursuant to __§ 2D1.1(c)(2)__, _____. To this base offense level, __2__ level(s) was added for __possesion of a firearm__ _____, pursuant to U.S.S.G. __§ 2D1.1(b)(1)__, and finally __N/A__ level(s) was added for __N/A__ _____, pursuant to U.S.S.G. __N/A__. The final offense level was __40__ for a sentence of __Life__ years of imprisonment.

On appeal the Movant argued that the district court __failed to call aliby witnesses, illegal search and seizure, and that the district court made no factual finding as to the quantity of drugs. These claims were denied by the Eleventh Circuit Court of Appeals.__

The enhancement and finding by the district court as to __the drug quantity and the finding of the firearm possession__

were unlawful in light of <u>Jones</u> and <u>Apprendi</u>, as applied to the new constitutional rule of <u>Blakely</u> and <u>Booker</u>. The defendant in this case, neither admitted to the offense characteristics for the enhancement, nor the rule of the offense enhancement. Neither the facts necessary for imposition of the enhancement,

nor the __quantity of the drugs, and firearm possession__

_____

_____

were found by a jury.

In addition, the Supreme Court in Sanders v. United States, 373 U.S. 1, determined against [the applicatio] on the merits on a prior application, the applicant may [nevertheless] be entitled to a new hearing upon showing an intervening change in the law... "Sanders," at 17.  Thus, Movant is entitled to raise this issue because of the intervening change in law by Blakely and Booker.  This holding was further supported by the Supreme Court in its opinion in Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298 (1974), when it held that the court of appeals had "erred in holding that 'the law of the case', as determined in the earlier appeal from the petitioner's conviction, precluded him from securing relief under § 2255 on the basis of an intervening change in law." Davis at 342.  Furthermore, the Supreme Court had recognized in Sunal v. Harge, 333 U.S. 174 (1947), that a constitutional claim would not be barred in a collateral proceeding even if the applicant had failed to pursue them on appeal.  Sunal at 178-79.

Thus, the Movant, pursuant to his constitutional claim through his § 2255 motion, is not barred.

Now by eliminating the enhancement applied by the trial court, the adjusted offense level would be brought down to the base offense level of __12__.  However, Movant would assert that the Blakely and Booker decisions impacts his case in yet

7.

another fashion. That is, the base offense level of __38__ was computed by the Probation Officer and the court at the sentencing hearing based upon the testimony and statements of testifying witnesses. The jury charged with __21 U.S.C. § 841(a)(1)__ and § 846, a detectable amount

as to the __5__-count indictment. Since the enhancement factor/element of __the quantity of drugs and the weapon__

involved in the __5__-count indictment was not charged to the jury, and since the jury returned a verdict of guilty as to counts one and two (21 U.S.C. § 841(a)(1) and 846; and, 18 U.S.C. § 2)

without the finding of __any specific amount of drugs__

as to the Movant in order to sentence the Movant, as was done, this court was required to make a finding of fact as to <u>the 2.517 Kilograms of cocaine base</u>
_____
_____
_____
_____
_____.

Movant disputed these findings, and was clearly prejudiced by the failure to sentence him to the maximum authorized by facts by the jury, as required by <u>Blakely</u>, <u>Apprendi</u>, and <u>Booker</u>.

While as noted above, Movant raised this similar argument on <u>direct appeal, § 2255, and 18 USC § 3582</u>, citing for his position, he was not able to cite <u>Blakely</u> or <u>Booker</u> because the Supreme Court had not yet rendered those decisions. However, that fact provides cause and prejudice for the Movant to raise the issue at this time. Moreover, he is timely and is properly raising the issue pursuant to 28 U.S.C. § 2255(6)(3), since he is within the one year of the <u>Booker</u> decision.

Because <u>Booker</u> applies to this case and demonstrates that the sentences previously imposed were unconstitutional because they were not admitted or proved to a jury beyond a rreasonable doubt. And, because the Movant has properly and timely filed this issue, the Movant asks this court for relief in the form of a new sentencing hearing or reinstatement of his appellate rights so that he may raise this issue on direct.

## **CONCLUSION**

For the reasons stated above, Movant requests that this Honorable Court permit him to supplement or in alternative, amend his first 28 U.S.C. § 2255 motion. Movant seeks to amend for the purpose of submitting additional argument on his claim that his sentence was unlawful because it exceeds the maximum sentence authorized by facts found by the jury pursuant to the new constitutional law of <u>Blakely</u> and <u>Booker</u>. Movant preserved or attempted to preserve this argument by raising it earlier in his 28 U.S.C. § 2255 motion, and subsequently in a motion pursuant to 18 U.S.C. § 3582, which was construed as a second and successive petiton pursuant to 28 U.S.C. § 2255 in light of Booker, Blakely, and Apprendi, but was denied relief at those times. (See, Additional Attachments.)

Pursuant to <u>Dodd v. United States</u>, No. 04-5286 (June 12, 2005), the United States Supreme Court has declared that this Motion pursuant to 28 U.S.C. § 2255(6)(3) is the proper remedy to seek relief and/or preserve a newly recognized constitutional right established by the Supreme Court in a timely manner.

Respectfully Submitted on this 3th day of Jan, 2006.

Darryl Ellis # 09562-002
FCC Coleman-USP 1
P.O. Box 1033
Coleman, Florida 33521-1033

## CERTIFICATE OF SERVICE

I, the Movant of this instant Petition and Memorandum of Law, certify that a true and correct copy of the foregoing has been delivered to the following addressee(s), via United States Mail, by prepaid postage, on this 3th of Jan, 2006.

Office of the Clerk
United States District Court
  Middle    District of  Alabama

Northern Division

P.O. Box 711

Montgomery, Alabama 36101-0711


Office of the U.S. Attorney

P.O. Box 197

Montgomery, Alabama 36101-0197


/s/ Darryl Ellis
Darryl Ellis