IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv12-WHA |
| | ) | WO |
| DARRYL ELLIS | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This action is before the court on a pleading styled "*Jurisdiction and Statutory Challenges Memorandum of Law and Issue and Authorities to Support the Writ of Habeas Corpus Motion Pursuant to Fed.R.Civ.P. 15(c) and 28 U.S.C. § 2255(6)(3),*" filed by federal inmate Darryl Ellis ("Ellis") on January 3, 2006 (Doc. # 1).[1]  By his motion, Ellis purports to amend a previously filed 28 U.S.C. § 2255 motion challenging his 1996 sentence for *conspiracy to possess with intent to distribute cocaine and cocaine base* and *aiding and abetting the possession with intent to distribute cocaine base*.  As now discussed, it is clear that he is entitled to no relief.

## I.  DISCUSSION

Ellis seeks to amend the 28 U.S.C. § 2255 motion that he filed on July 31, 2000.  This court denied that § 2255 motion on the merits on September 11, 2002.  *See United States v.*

---

[1]Although Ellis's motion is date stamped "received" on January 5, 2006, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, January 3, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*Ellis*, Criminal Case No. 2:95cr174 (civil action no. 2:00cv17-WHA), *Order of District Court Judge* (Doc. # 624), adopting Jun. 26, 2002, *Recommendation of Magistrate Judge* (Doc. #606).  Though less clear, Ellis appears also to assert that his amendment applies as well to a motion he filed on March 21, 2005, styled as *"Petitioner's Petition Pursuant to Title 18 U.S.C. 3582(c)(2): A Petition to Correct an Unconstitutionally Imposed Federal Sentence*."  *See United States v. Ellis*, Criminal Case No. 2:95cr174, Doc. # 669.  That motion was denied by this court, which found the motion to be of the same legal effect as a collateral attack on Ellis's conviction and sentence and, consequently, a successive § 2255 motion which had been filed without Ellis's first receiving certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  *See United States v. Ellis*, Criminal Case No. 2:95cr174, *Mar. 30, 2005, Order* (Doc. # 672).

In the instant motion, Ellis "asserts and realleges all facts and arguments presented" in his previous motions and presents new claims that his sentence violates the Supreme Court's holdings in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004).  *See Motion* (Doc. # 1) at 1-3.

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires."  Further, Fed.R.Civ.P. 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *See* Fed.R.Civ.P. 15(c)(2).

"'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Ellis contends that, pursuant to Fed.R.Civ.P. 15(c), the new claims presented in his instant motion relate back to claims contained in his original § 2255 motion and are thus timely, even though the instant motion was filed several years after his convictions became final. *See Motion* (Doc. #1) at 4.

It is, however, unnecessary for this court to determine whether Ellis's new claims "relate back" to any conduct, transaction, or occurrence set forth in his previous motions because those motions had already been denied on the merits well before Ellis filed the instant motion. The denial of Ellis's previous motions rendered his case closed and not properly subject to amendment. Therefore, there was no pending § 2255 motion for his new claims to relate back to. *See Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000) ("the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back"); *see also Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002) (because petitioner's new § 2255 motion was not filed until after his previous § 2255 motion had been denied by the district court, his new motion could not be considered an "amendment" to the previous § 2255 motion with claims relating back to the previous motion).

In *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004), the Eleventh

3

Circuit Court of Appeals held that where a habeas petitioner seeks to file a pleading in the district court purporting to be an amended petition for habeas relief after the district court has reviewed and denied a previous habeas petition on its merits, the "amended petition" is properly regarded as a successive petition, requiring authorization from the court of appeals. 379 F.3d at 1246-47.  Thus, this court considers Ellis's present motion to be a successive *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.[2]  A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions.  *See Wofford v. Scott*, 177 F.3d 1236, 1244, 1245 (11th Cir. 1999).

A second or successive § 2255 motion in the district court requires the movant first to move in the appropriate court of appeals for an order authorizing the district court's consideration of the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found

---

[2]The basis for the holding in *Hubbard*, which involved a state prisoner in proceedings under 28 U.S.C. § 2254, applies equally to § 2255 proceedings and federal prisoners.  There is no material difference in the relevant statutory language pertaining to successive § 2254 petitions and successive § 2255 motions, *see 2*8 U.S.C. § 2244(b)(3)(A) & § 2255 ¶8, or in how the issues arising from that language should be resolved.  *See Burns v. United States*, No. 04-12609, 152 Fed.Appx. 887 (11th Cir. Oct. 18, 2005) (per curiam) (unpublished) (relying on *Hubbard* in the context of a successive § 2255 motion).

the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable."[3] *See* 28

U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Ellis has not received

certification from the Eleventh Circuit Court of Appeals authorizing this court to consider

a successive § 2255 motion..  Accordingly, this court lacks the jurisdiction to consider Ellis's

present motion, and the motion is due to be summarily dismissed.  *See, e.g., Farris v. United*

*States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377

F.3d 1315, 1317 (11th Cir. 2004); *see also Hubbard, supra*, 379 F.3d at 1246-47.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion

filed by Ellis on January 3, 2006, be denied and this case dismissed, as Ellis has failed to

obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court

to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before March 8, 2006.   A party must specifically identify the findings in the

---

[3]The Eleventh Circuit has determined that the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), are not retroactively applicable to cases on collateral review.  *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005).  Thus, in addition to the statutory bar on which this Recommendation is based, Ellis also cannot prevail on the merits of his new claims.

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 198) (en banc).

Done this 23rd day of February, 2006.


/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE