IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 MAR -6  A 10: 08

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>       Respondent,          )<br>                              )<br>                              ) CIVIL ACTION No. 2-06cv12-WHA<br>v.                            )           WO<br>                              )<br>                              )<br>DARRYL ELLIS,                 )<br>       Petitioner.           )<br>                              ) | |

## PETITIONER'S OPPOSITION TO MAGISTRATE JUDGE'S RECOMMENDATION

**COMES NOW**, Movant/Petitioner, Darryl Ellis, by **pro se**, to submit to this Honorable Court his Opposition to the Magistrate Judge's Recommendation in the above referenced case docket number for the foregoing reasons set forth in this instant Opposition.

In the instant case, the Magistrate Judge issued a Recommendation suggesting that the 28 U.S.C. § 2255 ¶6(3) petition filed by Ellis be denied and dismissed because of the retroactivity of <u>United States v. Booker</u> 543 U.S. 220, 125 S.Ct. 738 (2005) and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004) has not yet been decided or declared applicable to cases on collateral review, or otherwise cases that have become final. Also, the Magistrate Judge asserts that Ellis has failed to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 petition pursuant to 28 U.S.C. § 2244(b)(3). Petitioner Ellis specifically points out in this Opposition that "he does not seek to file a second or successive

1.

petition," nor should his motion pursuant to 28 U.S.C. § 2255 ¶6(3) be construed as a successive petition.

Petitioner attempts to make clear that he is not presenting issue(s) attacking the sentence or conviction. Petitioner clarifies that his § 2255 ¶6(3) Motion is only to preserve a newly recognized right before the Supreme Court as to whether **Apprendi** or **Booker** is plain error or structural error. Neither does the petitioner challenge the ruling in his initial § 2255 Motion. Petitioner only presents to this Honorable Court that, "if, **in any case**," the Supreme Court rules that **Apprendi** or **Booker** are made retroactive or ruled to be structural error, and if his § 2255 ¶6(3) motion is incorporated into his initial § 2255 motion, these rulings would apply to his case.

According to the Supreme Court's decision in **Dodd v. United States**, No. 04-5286 (June 20, 2005), the Supreme Court held that the one-year limitation period for filing under 28 U.S.C. § 2255 ¶6(3) runs from "the date which the right asserted was initially recognized by the Supreme Court" and not on the date that the Supreme Court declares the right retroactively applicable. Id at 9. "Thus, if this Court declares a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." Id at 11.

The **Dodd** Court admitted that it rarely acknowledges "that new rule is retroactively applicable within one year of initially recognizing that right." Id at 12. Thus, even though a new

rule or right has not yet been declared "retroactively applicable," in order to take advantage of that new right, a defendant would have to file within one year of recognition of new right and argue that the new right should be retroactively applicable, appealing all the way to the Supreme Court. Petitioner's goal, therefore, is to timely file, preserve the issue, and to be permitted to present his preserved issue should the Supreme Court agree that the right is retroactively applicable either in his case or another case.

Petitioner diligently and timely filed his 28 U.S.C. § 2255 ¶6(3) petition before the date of January 11, 2006 in order to correctly comply with the standards set forth by the Supreme Court in **Dodd** to properly preserve **Booker** in the event that the newly recognized right be retroactively applicable or determined to be plain or structural error.

**WHEREFORE**, Petitioner Ellis prays that this response in opposition clarifies the intent of his § 2255 ¶6(3) petition. Petitioner's intent is only to preserve the newly recognized right.

On this 1st day of March, 2006.

Respectfully submitted,

Darryl Ellis
Darryl Ellis #09562-002
FCC Coleman-USP 1
P.O. Box 1033
Coleman, Florida 33521-1033

## CERTIFICATE OF SERVICE

I, Darryl Ellis certify that a true and correct copy of the foregoing Opposition to the Magistrate Judge's Recommendation has been delivered to the Office of the Clerk, United States District Court, Middle District of Alabama, Northern Division, P.O. Box 711, Montgomery, Alabama 36101-0711, and any other additional addresses that may follow, via United States Mail, by prepaid postage, on this 1th day of March, 2006.

Office of the United States Attorney
Middle District of Alabama
P.O. Box 197
Montgomery, Alabama 36101-o197

/s/ Darryl Ellis
Darryl Ellis

Daryl F....
Federal Correctional Complex- USP
P.O. Box 1033
Coleman, Fl 33521-1033

2:06cv12

Legal Mail

OFFICE OF THE CLERK
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0