IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 2:06cv012-WHA |
| | ) |
| DARRYL ELLIS | ) |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #2), filed on February 23, 2006, and Petitioner's Opposition (treated as an objection) to Magistrate Judge's Recommendation (Doc. #3), filed on March 6, 2006.

The court has conducted an independent evaluation and *de novo* review of this case, and finds as follows:

In his motion (Doc. #1), Ellis purports to amend previous § 2255 motions, which had already been denied on the merits. The Eleventh Circuit Court of Appeals has indicated that such petitions for habeas relief should be treated as successive petitions. This is what the Recommendation does with Ellis's motion.

In his objections, Ellis asserts that he was not really trying to attack his sentence by his latest motion, but was instead trying to raise and "preserve" a *Booker* issue in the event the Supreme Court later declares *Booker* to be retroactive. Ellis cites *Dodd v. United States,* ___ U.S. ____, 135 S.Ct. 2478 (2005), which holds that a movant seeking collateral relief based on a right newly recognized by the Supreme Court must do so within one year from the date on which the right he asserts was initially <u>recognized</u> by the Supreme Court, as opposed to the date on which the Supreme Court makes the right retroactively applicable. *See Dodd*, 125 S.Ct. at 2482.

However, the Supreme Court ruled in *Dodd* that a petitioner cannot take advantage of the one-year period unless the newly recognized right is also made retroactively applicable to cases on collateral review before the one-year period has expired. *Id.* This holding will lead to some harsh results for petitioners -- as the one-year limit usually expires before a newly recognized right is ever declared to be retroactive by the Supreme Court. *Dodd* really does not provide petitioners with a vehicle for "preserving" *Booker* issues. Thus, any reliance by Ellis on *Dodd* is misplaced, as the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review.

Furthermore, the court does not agree with Ellis's assertion that he was not really trying to attack his sentence by his latest motion. A review of his motion reveals that he does ask for relief in the form of a new sentencing hearing. This is the kind of relief requested in a § 2255 motion.

The court finds the objections to be without merit, and they are hereby overruled. The court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that the motion filed by Ellis on January 3, 2006 (Doc. #1) is DENIED, and this case is DISMISSED for failure to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 petition.

Final Judgement will be entered in accordance with this order.

DONE this 30th day of March, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE